UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD LUNA, | |
| Petitioner, | 20 Civ. 4193 (JHR) (OTW) |
| -v.- | ORDER ADOPTING REPORT AND RECOMMENDATION |
| CHRISTOPHER MILLER, | |
| Respondent. | |

JENNIFER H. REARDEN, District Judge:

On June 1, 2020, pursuant to 28 U.S.C. § 2254, *pro se* Petitioner Edward Luna filed a petition for a writ of habeas corpus (the "Petition") against Respondent Christopher Miller, the "authorized person having custody of" Petitioner. ECF No. 1 (Pet.). The Petition challenged Petitioner's April 11, 2013 state-court conviction for first and third-degree criminal sale of a controlled substance and two counts of third-degree criminal possession of a controlled substance.[1] *See* Pet. Before the Court is the Report and Recommendation of Magistrate Judge Ona T. Wang, ECF No. 21, recommending that the Petition be denied. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Wang's recommendation.

## BACKGROUND[2]

Petitioner filed the Petition on June 1, 2020 seeking reversal or vacatur of his conviction. Pet. at 6. On June 17, 2020, Chief Judge Colleen McMahon granted Petitioner's application to

---

[1] This case was previously assigned to the Honorable Alison J. Nathan and the Honorable John G. Koeltl and later reassigned to this Court.
[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 21.

proceed *in forma pauperis*.  ECF No. 4.  On June 22, 2020, the Clerk of Court was directed to serve a copy of the order and of the Petition on the Attorney General of the State of New York, and Respondent was ordered to answer the Petition within sixty days of the date.  ECF No. 6.  Petitioner was directed to "file and serve reply papers, if any, within thirty days from the date he [wa]s served with Respondent's answer."  *Id.*  The same day, the Petition was referred to Magistrate Judge Ona T. Wang.  *See* ECF No. 7.

On August 21, 2020, Respondent filed his opposition to the Petition.  ECF Nos. 11-12.  The papers were served on Petitioner on August 21, 2020.  ECF No. 13.  Petitioner did not file a reply.

On September 22, 2023, Judge Wang issued a 14-page Report and Recommendation (the "Report") recommending that the Court deny the Petition in its entirety.  *See* ECF No. 21.  The Report was mailed to the Petitioner on September 25, 2023.  The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections."  *Id.* at 13.  The Report and Recommendation also cautioned that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**."  *Id*.  No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district

2

court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "'left with the definite and firm conviction that a mistake has been committed.'" *Parker v. Lee*, No. 18 Civ. 10400 (GBD) (SDA), 2022 WL 7164257, at *1 (S.D.N.Y. Sept. 29, 2022) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," ECF No. 21 at 13, Petitioner did not file any objections to the Report and Recommendation. Thus, Petitioner waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good

faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the case and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: November 20, 2025
       New York, New York

                                                JENNIFER H. REARDEN
                                                United States District Judge